## MOODY *versus* BROWN.

The manufacture of an article, pursuant to the order of a customer, does not transfer the title.

Neither does the tender of the article, when so manufactured, transfer the title.

Neither does the leaving with the customer, against his will, of the article, so manufactured and tendered, transfer the title.

To pass the title, there must be an acceptance, either express or implied.

An action against the customer, as for an article sold and delivered, cannot be maintained by the manufacturer, unless the article have been accepted.

An exception to this rule obtains, when the customer employs a superintendant, and pays for the property by instalments as the work progresses.

ON EXCEPTIONS from the District Court, HATHAWAY, J.

ASSUMPSIT, on a count for materials and labor furnished, and one on an account for articles sold and delivered. The account was for stereotype plates, $18, alteration of same $4, and some interest and expressage, making in all $25,04.

A witness for the plaintiff testified, *that* in behalf of the plaintiff he presented the bill and requested payment, to which the defendant replied, that he had ordered the plates, but did not feel able to take them; that there was a mistake in them, which the plaintiff was to correct at his own expense; *that* he afterwards carried the plates to the store of

the defendant who refused to take them; *that* he left them there, against the remonstrance of the defendant; *that* the defendant afterwards offered to pay $20, for the whole bill; *that*, at a still subsequent period, the witness asked the defendant when he would pay the $20, who replied that he would do it in a few days; and, *that* the defendant afterwards repeatedly said he would pay the twenty dollars.

The Judge instructed the jury, that, if defendant contracted for the plates to be made for him, and refused to accept them when made, although he might be liable to plaintiff in an action for damages for not fulfilling his contract, yet he would not be liable in this action for their value, as for goods sold and delivered; *that*, if they were left at defendant's store against his consent and remonstrance, such a proceeding on the part of plaintiff could have no effect to vary the liabilities of defendant.

But if afterwards defendant offered to pay the twenty dollars in full for the bill, and if that offer was accepted, the plaintiff would be entitled to recover the twenty dollars and interest thereon from the time such offer was accepted, but, that defendant would not be bound by that offer, unless it was accepted.

*J. E. Godfrey*, for plaintiff.

Where an agreement is performed on one part, it cannot be repudiated on the other.

The tender of the plates was tantamount to a delivery, and the rule of damages is the value of the plates, for which this action was brought.

The case of *Bement* v. *Smith*, 15 Wend. 493, is in point, and conclusive for the plaintiff. It is identical with this, except that *here* the goods were not only *tendered*, but *left* with the defendant. 18 Johns. 58; Strange, 506.

*Simpson*, for the defendant.

The opinion of the Court, SHEPLEY, C. J., WELLS, RICE and APPLETON, J. J., was drawn up by

SHEPLEY, C. J. — There is not a perfect agreement of the decided cases upon the question presented by the exceptions.

The law appears to be entirely settled in England in accordance with the instructions. *Atkinson* v. *Bell,* 8 B. & C. 277 ; *Elliott* v. *Pybus,* 10 Bing. 512 ; *Clarke* v. *Spence,* 4 Ad. & El. 448.

The case of *Bement* v. *Smith,* 15 Wend. 493, decides the law to be otherwise in the State of New York. The case of *Towers* v. *Osborne,* Stra. 506, was referred to as an authority for it. The plaintiff in that case does appear to have recovered for the value of a chariot, which the defendant had refused to take. No question appears to have been made respecting his right to do so, if he was entitled to maintain an action. The only question decided was, whether the case was within the statute of frauds.

In the case of *Bement* v. *Smith,* C. J. SAVAGE appears to have considered the plaintiff entitled upon principle to recover for the value of an article manufactured according to order and tendered to a customer refusing to receive it.

This can only be correct upon the ground, that by a tender the property passes from the manufacturer to the customer against his will. This is not the ordinary effect of a tender. If the property does not pass, and the manufacturer may commence an action and recover for its value ; while his action is pending it may be seized and sold by one of his creditors, and his legal rights be thereby varied, or he may receive benefit of its value twice, while the customer loses the value.

The correct principle appears to have been stated by TINDAL, C. J. in the case of *Elliott* v. *Pybus,* that the manufacturer's right to recover for the value depends upon the question, whether the property has passed from him to the customer. The value should not be recovered of the customer, unless he has become the owner of the property, and can protect it against any assignee or creditor of the manufacturer.

To effect a change in the property there must be an assent of both parties. It is admitted, that the mere order given for the manufacture of the article does not affect the title. It

will continue to be the property of the manufacturer until completed and tendered. There is no assent of the other party to a change of the title exhibited by a tender and refusal. There must be proof of an acceptance or of acts or words respecting it, from which an acceptance may be inferred, to pass the property.

This appears to be the result of the best considered cases.

There is a particular class of cases, to which this rule does not apply, where the customer employs a superintendant and pays for the property manufactured by instalments as the work is performed.          *Exceptions overruled.*