Merriam *v.* Kellogg.

[FIRST DEPARTMENT, GENERAL TERM, at New York, February 7, 1871. *Ingraham*, P. J., and *Geo. G. Barnard*, Justice.]

———————— • ○ •————————

MERRIAM and others *vs.* KELLOGG and others.

A complaint alleged a sale of stock, by the plaintiffs to the defendants, at a specified price, deliverable at the option of the buyers, within four days. It averred that the buyers did not exercise that option, and that a tender of the stock was made to the defendants, on the fourth day, and payment demanded and refused. It also averred that the price of stock, on the day when it was tendered, was $87 per share, being $21 per share less than the contract price; and that the defendants had not paid for the stock. *Held*, on demurrer, that the plaintiffs had their election either to tender the stock and demand payment, and then sue for the purchase money, treating the property as belonging to the purchasers, or to keep the property, and sue for damages for breach of the contract.

Where the article agreed to be sold is stock, it is not necessary to sell it, in order to ascertain its value; and if the value of the stock can be ascertained daily, without a sale, a sale becomes unnecessary.

To enable vendors of stock deliverable at the buyer's option within a specified

time, to recover the value, of the buyer, on a failure to perform, an averment of tender and demand of payment is sufficient. They need not aver that they kept the stock, and were ready to deliver it.

APPEAL by the plaintiffs from a judgment sustaining a demurrer to the complaint.

The complaint alleged that at the various times therein mentioned, and during the whole of the month of September, 1863, the plaintiff Clinton L. Merriam and one William J. Bell were copartners doing business as stock brokers in the city of New York under the firm name of Merriam & Bell. That at and during said times the defendants were copartners doing business as stock brokers in said city, under the firm name of Jerome, Kellogg & Co. That on the 1st day of September, 1863, the said firm of Merriam & Bell sold to the said firm of Jerome, Kellogg & Co., twelve hundred shares of the stock of the Michigan Southern Railroad Company, said company being a company incorporated under the laws of the State of Michigan, and said stock being commonly called and known as Michigan Southern, at the price of $108 per share, deliverable at buyer's option in three days, to wit, on or before the 4th day of September, 1863. That said Jerome, Kellogg & Co. did not exercise their option to demand, take or receive said stock, prior to the said 4th day of September, 1863; and on said day Merriam & Bell duly tendered said twelve hundred shares of said stock to Jerome, Kellogg & Co., and demanded payment therefor, and said Jerome, Kellogg & Co. refused to receive and pay for the said stock; to the great damage of said Merriam & Bell, in the sum of $25,200, besides interest from September 4th, 1863. That the price of said stock, on said 4th day of September, 1863, was $87 per share. The plaintiffs further alleged that William J. Bell was, on or about the 6th day of July, 1868, duly adjudged a bankrupt, and on or about the 16th day of December, 1868, the plaintiff Charles H. Oley, was duly appointed assignee

in bankruptcy of his estate, and, as such assignee, he has succeeded to all the rights and interests of the said William J. Bell therein. That said defendants have never paid for the said stock, nor for any part thereof, but are still justly indebted therefor as aforesaid. Wherefore, the plaintiffs demanded judgment against the defendants, for the difference between the price so agreed to be paid for said stock and the price of said stock on the 4th day of September, 1863, when the defendants agreed to receive and pay for the same, together with interest thereon from the 4th day of September, 1863, besides costs.

The defendants demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. And after argument, the court, at special term, ordered judgment for the defendants, against the plaintiffs, upon the demurrer, with costs.

*James S. Merriam*, for the plaintiffs.

*Wm. Henry Anthon*, for the defendants.

*By the Court*, INGRAHAM, P. J. The complaint in this case alleged a sale of stock by the plaintiffs to the defendants, at a specified price, deliverable at the option of the buyers within four days. It also averred that the buyers did not exercise that option, and alleged a tender of the stock, on the fourth day, to the defendants, and a demand of payment, which was refused. It also averred that the price of stock on the day when it was tendered, was $87 per share, being $21 per share less than the contract price, and that the defendants had not paid for the stock. The defendants demurred to the complaint, on the ground that the same did not state any cause of action. Judgment was rendered for the defendants, on the demurrer. The plaintiffs have their election either to tender the property and demand payment, and then sue for the purchase

money, treating the property as belonging to the vendee, or to keep the property and sue for damages for breach of the contract. (*Bement* v. *Smith,* 15 *Wend.* 493.) The chief justice says an averment of a tender of the article sold, by the plaintiff, and a refusal of the defendant to receive it, would have been sufficient; and if so, it seems rather technical to turn the plaintiff out of court when he has proved all that was necessary to sustain his action.

The defendants seek to sustain this judgment upon the ground that the plaintiffs should have averred a sale, and then recovered the difference. It is not necessary to decide whether it was necessary to sell the article before a recovery of damages could be had, because the complaint shows a good cause of action for the contract price. Where the article agreed to be sold is stock, it is not necessary to sell it in order to ascertain its value; and if the value of the stock can be ascertained daily, without a sale, a sale becomes unnecessary.

The defendants claim that, for the purpose of recovering the value of the stock from them, the plaintiffs should aver that they had kept the stock, and were ready to deliver it. That is not a necessary averment. In *Hagar* v. *King,* (38 *Barb.* 209,) SMITH, J., says: "As the action is brought upon the contract for the purchase of the bonds, the plaintiffs were bound to prove a tender at the time specified in the contract, and having done so, they would not be bound to prove that they kept them for the defendant. Upon the trial they might have been required to have them ready for delivery."

There is a class of cases in which the plaintiff suing on such a contract has been allowed to prove a resale of the property, so as to charge the vendee with the difference. Such a case is *Pollen* v. *Le Roy,* (30 *N. Y.* 549;) and *Lewis* v. *Greider,* (49 *Barb.* 606,) is another. In those cases the question was whether the resale could be justified, for the

purpose of fixing the amount of damages, and not as necessary to the plaintiff's recovery.

It is not necessary to discuss this question, as the complaint shows a good cause of action to recover the contract price of the stock sold.

The judgment should be reversed, and judgment ordered for the plaintiffs on demurrer, with leave to the defendants to answer, on payment of costs.

[FIRST DEPARTMENT, GENERAL TERM, at New York, February 7, 1871. *Ingraham,* P. J., and *Geo. G. Barnard,* Justice.]