## Clarence B. Beardsley and Horace C, Frost v. Joseph P. Smith.

1. PROFITS—*When Recoverable—Set-Off.*—Profits which are the direct and immediate fruits of a contract entered into between the parties, are part and parcel of the contract itself and are presumed to have been taken into consideration by the parties before the contract was made, and as such, are properly the subject of a set-off or may be recovered in a separate action.

2. DAMAGES—*Measure of—Breach of Contract to Purchase Goods.*— Where a person entered into a contract with a manufacturer to purchase a certain quantity of his goods at the lowest jobbing prices, *it was held* that upon the refusal of the purchaser to select and purchase the goods, the manufacturer became entitled to maintain an action for such refusal and in such action the measure of damages is the difference between the lowest jobbing prices and what it would have cost the manufacturer to make the goods.

**Assumpsit.**—Breach of contract. Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge, presiding. Heard in this court at the October term, 1895. Reversed and remanded. Opinion filed December 12, 1895.

### STATEMENT OF THE CASE. ·

This was an action brought by Joseph P. Smith against C. B. Beardsley and H. C. Frost, composing the firm of C. B. Beardsley & Co., for the amount due upon a promissory note for the sum of $200, with interest thereon, signed by C. B. Beardsley & Co., and payable to J. P. Smith, and a balance of $100 due on rent. The defendants filed the plea of the general issue, and the following:

" And the defendants further show that at or before the execution of said lease, the plaintiff, Smith, and defendants entered into an agreement, in substance as follows :

Articles of agreement, made December 1, 1884, between Jos. P. Smith, first party, and C. B. Beardsley & Co., second party,

Witnesseth : That first party, in consideration of second party leasing building described in attached lease, agrees and binds himself to purchase of C. B Beardsley & Co., of such goods as they manufacture, at their lowest jobbing prices, goods to the amount of $2,000 per year. First party also agrees to pay for second party any and all extra insurance over what they would have to pay in their former location, 117 and 119 Hamilton street, Peoria. This contract shall be and remain in force for the period of one year from date, with privilege of renewal, provided attached lease is renewed.

JOSEPH P. SMITH,<br>C. B. BEARDSLEY & Co."

That said contract was attached to said lease, and that the whole matter was one and the same transaction. That by the said contract and lease, plaintiff Smith agreed to purchase of defendants a large quantity of goods of the kind manufactured by defendants, at their lowest jobbing prices, to wit, two thousand dollars' worth per year, and in consideration thereof, and relying on the promises of said plaintiff so made, defendants executed said lease and took possession of said premises, and then and there undertook and promised the plaintiff to deliver the plaintiff, at such time or times of the year as he should elect, and at the place aforesaid, and the plaintiff undertook and then and there faithfully promised the defendants to purchase the said goods as aforesaid, and pay for the same on delivery; and although the defendants, on, etc., were ready and willing, and then and there offered to deliver the said goods to the plaintiff, and often requested the plaintiff to designate the said goods, and to accept the same and pay for them, yet plaintiff, not regarding his promises and undertaking, but contriving and

intending to deceive and defraud the defendants, did not, nor would at any time designate or accept the said goods, save a small amount, to wit, $700 worth, or pay defendants for the same as aforesaid, but neglected and refused so to do; by reason whereof said defendants say they have suffered great damage and loss of large gains and profits, which they should have made but for the refusal of the said plaintiff to perform his contract, to wit, the sum of $700, and defendants say said amount exceeds the sum of money due and owing them from the said defendants to the said plaintiff by virtue of the causes of action in the said declaration mentioned, and out of which sum of money they are ready and willing, and hereby offer to set off and allow plaintiff amount of money due him by virtue of said cause of action.

A general demurrer to the plea of set-off was overruled.

Wolseley & Heath, attorneys for appellants, contended that the measure of damages for the breach of an executory contract is actual compensation. The party injured thereby may recover his actual loss sustained. Field on the Law of Damages, Sec. 244; Hadley v. Baxendale, 9 Exch. 341; Griffin v. Colver, 16 N. Y. 489; Krom v. Levy, 48 N. Y. 679; Richardson v. Chynoweth, 26 Wis. 656; Phelan v. Andrews, 52 Ill. 486; Strawn v. Cogswell, 28 Ill. 457; Chicago & Rock Island Railroad Co. v. Ward, 16 Ill. 522; 2 Field's Lawyer's Briefs, Sec. 465; Kountz v. Kirkpatrick, 72 Pa. St. 376; Devlin v. Mayor, etc., 63 N. Y. 8.

In ordinary commercial transactions "actual loss sustained" is measured by the difference between the contract price and the market value at the time and place of delivery, but this limited rule does not apply where the property has no general market value or where actual loss, though remote, was contemplated by the parties at the time of making the contract, as a probable result of a breach of it, or in several other cases in which such a rule would not do justice between the parties. Field on the Measure of Damages, Secs. 250, 264; Durot v. Burton, 47 N. Y. 167; Capen v. De Steiger Glass Co., 105 Ill. 185; Murray v. Stanton, 99 Mass.

345; Sedgwick on Measure of Damages, 313, 314; Rayburn v. Comstock, 45 N. W. Rep. 378; Crescent Mfg. Co. v. N. O. Nelson Mfg. Co., 100 Mo. 325; Black River Lumber Co. v. Warner, 93 Mo. 374; Hinckley v. Pittsburg Steel Co., 121 U. S. 272.

Profits or advantages which are the direct and immediate fruits of the contract entered into between the parties, are part and parcel of the contract itself, entering into and constituting a portion of its very elements—something stipulated for, and the right to the enjoyment of which is just as clear and plain as to the fulfillment of any other stipulation. They are presumed to have been taken into consideration, and deliberated upon before the contract was made, and formed, perhaps, the only inducement to the arrangement, and such profits or advantages can be recovered. Masterson v. Mayor of Brooklyn, 7 Hill (N. Y.) 62; Morrison v. Lovejoy, 6 Minn. 319; Fox v. Harding, 7 Cush. (Mass.) 516; Devlin v. Mayor, etc., 63 N. Y. 8; McAndrews v. Tippett, 39 N. J. 105; Burrell v. N. Y. & S. Salt Co., 14 Mich. 34; U. S. v. Speed, 8 Wall. (U. S.) 77; Cook v. Com'rs Hamilton Co., 6 McLean (U. S.) 612; McHose v. Fulmer, 73 Pa. St. 365; Hubbard v. Rowell, 51 Conn. 423; Jones v. Foster, 67 Wis. 296; Nat. Filtering Oil Co. v. Citizens' Ins. Co., 106 N. Y. 535; Bell v. Reynolds, 78 Ala. 511; U. S. v. Behan, 110 U. S. 338; Wood's Mayne on Damages, 82; 1 Sedgwick on Damages, 255–257, 279, Sec. 192; Wilson v. Morse, 52 Wis. 255.

Ashcraft, Gordon & Cox, attorneys for appellee, contended that the rule of the common law is that the damages to be recovered for a breach of contract must be shown with certainty, and not left to speculation or conjecture.

Profits that are dependent upon the fluctuations of markets and the chances of business are no safe criterion for an estimate of damages. 1 Sedg. on Dam. 176; Griffin v. Colver, 16 N. Y. 489; White v. Miller, 71 N. Y. 133; Olmstead v. Burke, 25 Ill. 86; Chi. City Ry. Co. v. Howison, 86 Ill. 215; Frazer v. Smith, 60 Ill. 145; Howe Machine Co. v. Bry-

son, 44 Ia. 159; Bickers v. Lenham, 14 Neb. 369; Robers v. Bemis, 69 Pa. St. 432; Howard v. S. & B. Mfg. Co., 139 U. S. 199; Consumers Pure Ice Co. v. Jenkins, 58 Ill. App. 519; Green v. Williams, 45 Ill. 206; City of Chicago v. Huenerbein, 85 Ill. 594; Hair v. Barnes, 26 Ill. App. 580; Brownell v. Chapman, 51 N. W. Rep. 249; Benton v. Fay, 64 Ill. 417.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Upon the trial the court, notwithstanding it had held good the plea of set-off, refused to allow the defendants the benefit of the profit, if any there was, in such contract, and the loss of such profit, if lost, on such goods. That defendants were ready, willing, able, and offered to deliver the goods, was proven. The court seemed to be of the opinion that as appellants could not tell what kind of goods appellee would have selected, therefore his contract to purchase $2,000 worth of goods was neither enforcible nor one for the breach of which damages could be recovered.

What were the respective rights and obligations of the parties to this agreement?

Appellants had agreed to pay to appellee rent at the rate of $50 per month; he agreed to purchase of them at their lowest jobbing prices such goods as they manufacture, to the amount of $2,000 per annum.

Being ready to manufacture and deliver goods, such as, when the contract was made, they were making, they called upon appellee to select and order; he refused to do so.

Whether, under this contract, the right of selection of the kind of goods manufactured was in appellants or appellee, we do not feel called upon to decide. It was not because appellants refused to give to him the right of selection that appellee refused to take goods save to the value of $700.

If the right to select belonged to appellee, then it was his duty within the year to make his selection.

Appellee having refused to select, appellants became entitled to maintain an action for refusal to order or select. Hosmer v. Wilson, 7 Mich. 294, 303, 304; Allen v. Jarvis,

20 Conn. 38; McCombe v. N. Y. & N. E. Ry. Co., 20 N. Y. 495; Butler v. Butler, 77 N. Y. 472; Pittsburgh Ry. Co. v. Heck, 20 Ind. 303; McCormick v. Basal, 46 Iowa 235; Moody v. Brown, 34 Me. 107; Derby v. Johnson, 21 Vt. 21; Hochster v. DeLatour, 20 L. & Eq. 157.

The measure of damages in such special action for refusal to select, is such amount as will fully compensate the vendor for being deprived of the benefit of his contract. Phillpot v. Evans, 5 M. & W. 475.

In the case at bar the goods were contracted for at the defendant's lowest jobbing prices; the measure of the damages is the difference between this and what it would have cost appellants to make them.    Black River Lumber Co. v. Warner, 93 Mo. 374; Crescent Mfg. Co. v. Nelson Mfg. Co., 100 Mo. 325; Hinckley v. Pittsburgh Steel Co., 121 U. S. 264; Salvo v. Duncan, 49 Wis. 151; Eckenrode v. Chemical Co., 55 Md. 51; Hale et al. v. Trout et al., 35 Cal. 229.

The judgment of the Superior Court is reversed and the cause remanded.