LEONE R. MASSMAN v. PETER STEIGER.

Argued November 5, 1909—Decided March 7, 1910.

1. The general rule for the measure of damages, in case of a breach by a vendee of an executory contract for the sale of an article at a fixed price, is the difference between such contract price and the market value of the article on the day and at the place of delivery.

2. Where it becomes the duty of the buyer, under an executory contract to purchase, to accept the goods and take title, such buyer can, by refusing such acceptance, prevent the transfer of the title to him, thus limiting the seller to an action for damages; for though the buyer has agreed to take title to such goods as were tendered, yet until he assents to the transfer of the goods so tendered, the property in them will not be changed.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and VOORHEES.

For the plaintiff, McCarter & English.

For the defendant, Riker & Riker.

The opinion of the court was delivered by

VOORHEES, J. This is the defendant's rule to show cause. A verdict for the plaintiff was rendered for $13,097.87. The action was brought on an agreement under seal dated February, 1907, by which the plaintiff, being the holder and owner

of one hundred shares of the capital stock of P. Steiger Trunk and Bag Company, a New Jersey corporation, agreed to deliver to Peter Steiger, the defendant, who agreed to purchase the shares at any time after the 1st of January, 1908, on demand of either of the parties, and to pay $100 per share for the stock as soon as the assignment of certificates of stock should be properly executed and delivered to Steiger. The agreed price was to be paid by the defendant by his two promissory notes of $5,000 each, to bear interest from their date at the rate of six per cent., one payable July 1st, 1908, and the other November 1st, 1908, to be endorsed or secured in such other manner as should be satisfactory to the plaintiff. There was a further agreement, whereby if at the time of the sale and delivery of the stock or the carrying out of the agreement, loss should have been sustained by the company, then the plaintiff was to bear and pay one-third of such loss to be deducted from the purchase price of the stock, but if the company should have realized any profit, then the plaintiff was to receive, in addition to the purchase price, one-third of the net profit realized from the conduct of the business during the period aforesaid, said profit to be paid to the plaintiff in cash at the time of the delivery of the stock.

The declaration counts upon the agreement and was filed February 21st, 1908, before the date of the maturity of the notes as fixed in the agreement. The breach assigned is, that plaintiff, the owner of the one hundred shares, on the 18th of January, 1908, demanded of the defendant that he should perform the agreement and pay the plaintiff $100 per share by his two promissory notes of $5,000 each, endorsed or secured as provided in the articles, and should pay her one-third of the net profits which had been realized from the business up to the 18th of January, 1908; that the plaintiff tendered to the defendant a duly executed assignment of her certificates for one hundred shares of stock, and that the defendant neglected and omitted to deliver to the plaintiff his notes endorsed by any person or secured in any manner, and neglected and omitted to pay the plaintiff one-third of the

net profit of the business contrary to the form of the agreement.

We do not pass upon any of the reasons advanced by the defendant for reversal save that referring to the measure of damages. The plaintiff, after instructions by the court permitting it, recovered by this verdict the entire contract price of sale of the shares, together with three thousand odd dollars for profits. The general rule for the measure of damages in case of a breach by a vendee of an executory contract for the sale of an article at a fixed price, is the difference between such contract price and the market value of the article on the day and at the place of delivery. *Barrow* v. *Arnaud,* 8 *Q. B.* 604; *Drake* v. *Baker,* 5 *Vroom* 358; *King* v. *Ruckman,* 9 *C. E. Gr.* 298, 304.

The plaintiff contends that being at the time of the breach of the contract, and at the time of the commencement of the suit, able to deliver the shares, she was entitled to recover the purchase price, which the defendant in his contract agreed upon, and that she had the right to retain the stock for the buyer and sue for the entire consideration; that by electing this remedy she treats the stock as the property of the defendant which he has refused to accept and is therefore entitled to the entire contract price. We are referred to *Hayden* v. *Demets,* 53 *N. Y.* 426; *Dustan* v. *McAndrew,* 44 *Id.* 78; *Mason* v. *Decker,* 72 *Id.* 596. In the last case the plaintiff sued for and recovered the purchase price because he had tendered performance on his part and demanded payment of the defendant. Mr. Justice Earl there said: "These two remedies are both based upon the theory that the title to the property by the contract and tender and assent of the seller had become vested in the buyer." Hence it is said, and the defendant urged upon the argument, that where the property has not passed the seller, being ready to deliver, has an election of three remedies—*first,* to sue for damages, treating the property as his own; *second,* treating the property as that of the buyer, and sue for the whole price, and *third,* treating the property as that of the buyer and resell it for him and sue for

the difference. 2 *Benj. Sales,* § 1165. Cases collected, 2 *Joyce Dam.,* § 1621.

This rule has been applied not only to cases where the title passed at once, but also to instances where the contract was executory, and there had been a valid tender and refusal. *Hunter* v. *Wetsell,* 84 *N. Y.* 549; *Van Brocklen* v. *Smeallie,* 140 *Id.* 70; *Gray* v. *Central Railroad,* 157 *Id.* 483; *Ackerman* v. *Rubens,* 167 *Id.* 405; *General Electric Co.* v. *National Contracting Co.,* 178 *Id.* 369. These cases, while stating the three options above mentioned, have actual application to those instances where the vendor has sold the property left in his hands in reduction of the damages.

The contract in this case is executory in character, whereby it was agreed that the title should pass at some future time. The price to be paid was not cash but promissory notes. The declaration is framed in covenant for its breach. It is not in form a suit for the price of the shares, treating the property as having passed to the vendee, nor is any election evinced by the pleadings that that recovery is sought for the entire price, and that the property would be held for the benefit of the defendant. An inspection of the contract, as well as the frame of the pleadings, leads us to conclude that the contract at its inception did not pass the title to the shares, and that since then the title has not passed as evinced by the intention of the parties. Whether a sale is completed or not is a question of intention. *Kerr* v. *Henderson,* 33 *Vroom* 724.

Furthermore, the sale had not been completed because the notes, as to form and sufficiency of endorsement, still remained to be passed upon by the plaintiff.

The question then arises, whether, where it becomes the duty of the buyer to accept the goods and take title, he can, by refusing such acceptance, prevent the transfer of the title to him, thus limiting the seller to an action for damages. That the buyer could do so was held in *Jenner* v. *Smith, L. R.,* 4 *C. P.* 270. Though the buyer has agreed to take title to such goods as were tendered, yet, till he assents to the transfer of the goods so tendered, the property in them will not be

changed. *Moody* v. *Brown,* 34 *Me.* 107. Blackburn, in his work on *Sales* (*p.* 129), says: "Both parties must be pledged, the one to give and the other to accept. Until both parties are so agreed the appropriation cannot be binding on either. Not upon the one because he has not consented, nor upon the other because the first is free."

In *Kelsea* v. *Ramsey & Gore Manufacturing Co.,* 26 *Vroom* 320, a case showing a delivery of the goods by the vendor to a common carrier to be transported to the vendee and wherein the defendant refused to accept upon arrival, the defendant when sued for the price insisted that the title had not passed; that, consequently, the contract price could not be sued for, and that the plaintiff's only remedy was an action for damages for non-acceptance. That case, while recognizing the principle that the remedy, where title had not passed, was for damages and not for the contract price, yet turned upon the fact whether the title had actually passed, and it was held that the change of possession from the plaintiff to the carrier, who was regarded as the purchaser's agent, transferred the title of the goods to the buyer, which became complete, and therefore the vendor became entitled to recover the contract price.

But that case is not at variance, but rather in conformity, with the principle that where the title remains in the seller his right against a buyer who refuses to accept is to recover damages occasioned by the breach of the contract and not the full purchase price. *Jones* v. *Jennings Brothers,* 168 *Pa.* 493. For the seller, retaining the title, may take his goods into the market and obtain the current price for them. *Barrow* v. *Arnaud, supra.*

It is true in some jurisdictions, notably in New York, and a few others, it is held, as shown by the cases above cited, that upon tender the right of property passes to the vendee, and that on the refusal to accept, the vendor is entitled to recover the contract price.

But we find no cases in this state countenancing that view of the law, and the plaintiff therefore should have been con-

fined to the ordinary rule in such cases; that is, to the difference between the agreed price of the stock at the time of the execution of the contract and the market value of the shares at the time and place of delivery.

The rule should be made absolute.