## IRA ATWOOD *versus* LEVI L. LUCAS.

To support a general count of *indebitatus assumpsit*, for goods sold and delivered, proof of an actual delivery to, and acceptance by, the purchaser of the goods sued for is essential.

If none, or part only of the goods have been accepted by the purchaser, the seller's remedy is an action of special *assumpsit* for goods bargained and sold, and not for goods sold and delivered.

Delivery to and acceptance by the purchaser of any portion of the goods bargained for will satisfy the statute of frauds; but to authorize the maintenance of a suit for goods sold and delivered, there must be a delivery and acceptance of all the goods sued for.

If the purchaser of goods refuses to accept and pay for them, the owner may at once resell them for the most he can get and charge the first purchaser with the difference between the contract price and the price actually obtained.

ON REPORT from *Nisi Prius*, KENT, J., presiding.

ASSUMPSIT on an account annexed for twenty-three lambs at $3,75 each, with a credit of $50.

The remaining facts appear in the opinion.

*Wm. Folsom*, for the plaintiff.

Bargain had been struck, statute of frauds complied with, and the property in the lambs transferred to the vendee. But vendee cannot take possession until price paid. 2 Blackstone, 448, cited with approbation by C. J. WHITMAN, in *Wing* v. *Clark*, 24 Maine, 372 ; Chitty on Con., 377 and 378, and authorities there cited ; 2 Kent's Com., 492, 494, 496, 540 and 541.

As between the vendor and vendee no delivery is necessary to vest the property in the vendee. 2 Pick., 602 ; 7 Pick., 58 ; 11 Pick., 352 ; 5 Pick., 525 ; 19 Pick., 5 ; 3 Gray, 598 ; 4 Gray, 311.

A delivery of part is delivery of whole. *Damon* v. *Osborn*, 1 Pick., 476. If property is so situated that vendee is entitled to and can rightfully take possession at his pleasure, although in custody of vendor, it is sufficient. *Means* v. *Williamson*, 37 Maine, 556 ; *Barrett* v. *Goddard*, 3 Ma-

son, 114; *Hotchkiss* v. *Hunt*, 49 Maine, 22; Long on Sales, 451–2; Brown on Sales, § 648.

Contract was entire, acceptance of part acceptance of all. Authorities before cited.

*D. D. Stewart*, for the defendant, cited the following authorities. *Thompson* v. *Meirone*, 4 Dowl. & Ryl., 619, (16 Eng. Com. Law, 211;) *Tempest* v. *Fitzgerald*, 3 B. & Ald., 680; *Langfort* v. *Tiller*, 1 Salk., 113; *Kent* v. *Hoskinson*, 3 Bos. & Pul., 233; *Phillips* v. *Hunnewell*, 4 Greenl., 379; *Houdlette* v. *Tallman*, 14 Maine, 400; 1 Pars. on Con., 435, 440, 441, 442; 2 Pars. on Con., 320, 321–2–3–4; *Morton* v. *Tibbett*, 15 Q. B., 428; *Hunt* v. *Hecht*, 20 Eng. L. & Eq., 524; *Frostbury Min. Co.* v. *N. E. Glass Co.*, 9 Cush., 119; Browne on Stat. of Frauds, c. 15; *Dole* v. *Simpson*, 21 Pick., 387; *Shepherd* v. *Pressy*, 32 N. H., 49; *Maxwell* v. *Brown*, 39 Maine, 98–103; *Marsh* v. *Hyde*, 3 Gray, 334; *Thompson* v. *Alger*, 12 Met., 443; *Furlong* v. *Polleys*, 30 Maine, 493; *Hotchkiss* v. *Hunt*, 49 Maine, 219; *Bartlett* v. *Blanchard*, 13 Gray, 430.

WALTON, J. — The plaintiff says that he was the owner of twenty-three lambs; that he offered to sell them to the defendant for $3,75 per head; that the defendant agreed to buy them at that price, and afterwards paid him fifty dollars and took away four of the lambs, but subsequently refused to take the other nineteen, and threatened to bring a suit to recover back the money he had paid; and the question is whether these facts will support a general *indebitatus* assumpsit count for goods sold and delivered. Clearly not. To maintain such a count proof of an actual delivery to and acceptance by the purchaser of the goods sued for is essential. If none or part only of the goods have been accepted by the purchaser, the seller's remedy is an action of special assumpsit for goods *bargained and sold*, not goods *sold and delivered*. "In these cases," says Mr. Chitty, "the declaration should be framed specially on the

contract for not accepting the goods, or for refusing to complete the bargain." 1 Chit. Pl., 345–7; 15 Pick., 171; 7 Gray, 187; 2 Foster, (N. H.,) 172.

It is laid down by Mr. Saunders, that to support an action for goods sold and delivered, the plaintiff must prove, not only such a delivery as will vest the property in the goods in the defendant, but such a delivery as will divest himself of all lien upon the goods, and enable the defendant to maintain trover for them without paying or offering to pay for them. Saund. on Pl. & Ev., 536.

There may be such a delivery as will satisfy the statute of frauds, and yet not such a delivery as will authorize the maintenance of a suit for goods sold and delivered. Delivery to and acceptance by the purchaser of any portion of the goods bargained for will satisfy the statute of frauds, but to authorize the maintenance of a suit for goods sold and delivered there must be a delivery and acceptance of all the goods sued for.

The difficulty in the way of maintaining this suit does not arise out of the statute of frauds, for the defendant actually took and carried away four of the twenty-three lambs bargained for, and so far as the statute of frauds is concerned this was as good a delivery as if he had taken the whole. The difficulty is that he has not adopted a form of action suited to his case. Nineteen of the lambs sued for were never taken by the defendant. They remained upon the premises of the plaintiff and under his care, and were sheared by him the following season, and for aught that appears are still in his possession; and the law is well settled that if any portion of the goods sued for remain undelivered by the seller, or unaccepted by the purchaser, or subject to a lien for the purchase money, the seller must declare specially, and not generally as for goods sold and delivered.

The principal reason for requiring the plaintiff to declare specially is to enable the Court properly to adjust the damages. In an action for goods sold and delivered the measure of damages is the contract price or full value of the goods

sued for, which is unjust if the whole or any portion of the goods still remain the property of the plaintiff and under his control. But if the plaintiff declares specially, setting out first the contract, and then the breaches of it on the part of the defendant, the Court is enabled to adopt such a measure of damages as will do exact justice between the parties.

If the purchaser of goods refuses to accept and pay for them, the owner may at once resell them for the most he can get and charge the first purchaser with the difference between the contract price and the price actually obtained. (*Sands* v. *Taylor*, 5 Johns., 395.) As the defendant paid fifty dollars of the purchase money, and took but four of the twenty-three lambs bargained for, it would seem as if the plaintiff might have indemnified himself against loss, without resorting to an action in any form against the defendant. But whether this was so or not, it is clear that the present action cannot be maintained. Under the agreement by the parties, the judgment must be

*Plaintiff nonsuit.*

APPLETON, C. J., KENT, DICKERSON, BARROWS and DANFORTH, JJ., concurred.