JAMES W. TUFTS *vs.* WILLIAM GREWER.

Cumberland.   Opinion April 11, 1891.

*Sale.   Contract.   Measure of damages.*

For a vendee's refusal to accept and pay for goods he has contracted to buy, the vendor may recover for damages the difference between the market value of the goods at the time and place stipulated for delivery and the contract price, together with the expenses of reselling the same; and this rule prevails whether the articles are merely some of the manufactures of the vendor which he has on hand, or are manufactured in some particular way especially for the vendee at his request; nor does the rule yield when the action declares specially on the contract for the full price. The nature of the facts, rather than the form of the action, rules the damages.

ON EXCEPTIONS.

This was an action of assumpsit brought in the Superior Court, for Cumberland County, for a breach of contract for sale of a soda fountain, and tried by the justice without the intervention of a jury, subject to exceptions, in matters of law.   Plea, the general issue.

It was admitted that the contract was performed on the part of the plaintiff; that the fountain was made to the order of the defendant for his own use and especially for him ; and the breach of the contract as alleged in the writ is admitted.  The defendant further admitted that the fountain was offered to be delivered or tendered to him on the day set forth in the writ and was in charge of the transportation company subject to the defendant's acceptance.

The plaintiff claimed that the measure of damages is the contract price.   The defendant contended that the measure of damages is the difference between the contract price and the market price upon the day of the breach of the contract.

It was further agreed that if the court sustained the contention of the defendant the damages should be assessed at twenty-five dollars.

The plaintiff declared specially on the contract.

The declaration after setting out the contract, alleges :  . . .

"And the plaintiff further alleges that the defendant signed an order in writing for the purchase of the above-described goods, with terms and conditions as aforesaid, therein stated, which said order in writing signed by the defendant, plaintiff will produce in court. And plaintiff further avers that said order in writing was thereupon, to wit:— on said twenty-eighth day of June, 1889, accepted by the plaintiff, and that in pursuance thereof, and in consideration of the promise of defendant to pay for the same as aforesaid, said apparatus was made, prepared and finished, and was so made, prepared and finished in accordance with the description contained in said written order, and that said apparatus so made, prepared and finished was delivered to the defendant on June twenty-eighth, A. D., 1889, and the bill of lading therefor delivered to defendant, and said contract fully performed by plaintiff in his behalf, and plaintiff thereupon requested the defendant to pay to him, the said defendant, said sum of two hundred and seventy-five dollars in cash, and to deliver to plaintiff said five notes for fifty dollars each, in pursuance of said order and contract. But said defendant, unmindful of his said order and contract, then and there refused to accept said apparatus, and still refuses to accept the same, and then and there refused and still refuses to pay plaintiff said sum of two hundred and seventy-five dollars in cash, and then and there refused and still refuses to sign and deliver to plaintiff, said five notes for fifty dollars each, for said deferred payments."

*Clarence Hale*, for the plaintiff.

This action is not brought for goods sold and delivered, but is brought for breach of the special contract. In the cases where the courts have decided the measure of damages to be the difference between the contract price and the market price, the actions have been brought upon account annexed, or for goods sold and delivered. *Atwood* v. *Lucas*, 53 Maine, 508. Where goods are prepared for the vendee, of a particular description, when vendor has performed his part of the contract and tenders the articles, and the vendee refuses to accept, the vendor may recover the full contract price. *Gordon* v. *Norris*, 49 N. H.

376 ; *Newmarket Iron Foundry* v. *Harvey,* 23 N. H. 395 ; *Bement* v. *Smith,* 15 Wend. 493 ; *Shawhan* v. *Van Nest,* 25 Ohio, 490 ; Sedg. Dam. 339 ; *Thoms* v. *Dingley,* 70 Maine, 102.

Counsel also cited : *Dustan* v. *McAndrew,* 44 N. Y. 72, 78 ; 1 Sedg. Dam. (7th Ed.) 596 ; *Bookwalter* v. *Clark,* 10 Fed. Rep. 793 ; (S. C. 8 Myers Fed. Dec. 746) ; *Thorndike* v. *Locke,* 98 Mass. 340 ; *Pearson* v. *Mason,* 120 Mass. 53 ; *Hanna* v. *Mills,* 21 Wend. 90 ; *Dunlop* v. *Grote,* 2 C. & K. 153 ; *Hutchinson* v. *Reid,* 3 Camp. 330 ; *Dutton* v. *Solomonson,* 3 B. & P. 582 ; *Barrows* v. *Mullen,* 21 Minn. 374 ; 1 Chit. Pl. 345 ; Suth. Dam. 356 ; *Mussen* v. *Price,* 4 East. 147 ; *Messer* v. *Woodman,* 22 N. H. 172 ; *Stoddard* v. *Mix,* 14 Conn. 12 ; *Worthy* v. *Jones,* 11 Gray, 168 ; Sedg. Dam. § 283 ; *Graham* v. *Jackson,* 14 East, 498 ; Benj. Sales, § 315.

*Drummond and Drummond,* for defendant.

The test to be applied is whether title has passed ; this governs not only the form of action but also the rule of damages. If title has passed, then an action for goods sold and delivered can be maintained, and the contract price recovered ; if it has not passed, the action must be upon the contract for the damages suffered, and the rule of damages is the difference between the contract price and the market value. Measured by any other rule than the general one, he recovers not his actual damages,—not his real loss,—but an amount which allows him double the benefit of his contract.

The seller has the three remedies, mentioned by text writers, only in case title has passed ; if title has not passed and still is in the vendor, then his remedy is for the breach of the executory contract, and he can recover only his damages for such breach, namely : the difference between the contract price and the market value of the article ; these may range from the contract price to nominal damages, according as the market value is nothing or equal to the contract price.

If the plaintiff attempts to take the case out of the general rule on the ground that the apparatus was manufactured especially for the defendant, and that therefore a different rule (an exception to the general rule) prevails, the defendant's answer is : (1,) That

the contract in this case is not a contract to manufacture upon the special order of the defendant, but is a contract of sale. (2,) But if it is a contract to manufacture upon a special order, still the measure of damages is the same as in the case of the sale of an existing chattel; and (3,) That if the defendant is incorrect in his first two positions, the title to the fountain never having passed to the defendant by the terms of the contract itself, the case does not come within the exception, as that rule of damages is only applied in cases where title is passed. *Goddard* v. *Binney*, 115 Mass. 450; *Lamb* v. *Crafts*, 12 Met. 353; *Old Colony R. R.* v. *Evans*, 6 Gray, 25; *Griswold* v. *Sabin*, 51 N. H. 167; *Porter* v. *Travis*, 40 Ind. 566; *Thompson* v. *Alger*, 12 Met. 428; *Bookwalter* v. *Clark*, 11 Biss. 126 (S. C. 10 Fed. Rep. 793); *Rhodes* v. *Cleveland Rolling Mill Co.* 17 Fed. Rep. 426.

Cases in which contrary doctrines have been supported arise where title has passed to the vendee, or where the manufactured article has no value; and in some cases in Ohio, where a rule exactly contrary to the one uniformly adopted elsewhere, prevails. *Bement* v. *Smith*, 15 Wend. 493; *Ballentine* v. *Robinson*, 46 Penn. St. 177; *Gordon* v. *Norris*, 49 N. H. 376; *Shawhan* v. *Van Nest*, 18 Am. Rep. 313; *Allen* v. *Jarvis*, 20 Conn. 38; Sedg. Dam. (2 Ed.) 281; 2 Pars. Con. 484; Field Dam. § 299; Benj. Sales, (4 Am. Ed.) § 1117, n. 1; *P. C. & S. L. R. R.* v. *Heck*, 50 Ind. 303. The manufacture of an article pursuant to an order of a customer does not transfer the title unless there be an acceptance of it. *Moody* v. *Brown*, 34 Maine, 107.

PETERS, C. J. It becomes immaterial whether the writing signed by the parties in this case be considered a contract of sale, or a contract to manufacture an article upon the order of the defendant, inasmuch as we feel convinced that the rule of damages would be the same in this State whether it be the one or the other kind of contract.

The defendant ordered a soda fountain of the plaintiff, which was manufactured and tendered to him and the price demanded.

It is admitted that the plaintiff performed all the requirements of the contract resting on him, and that the defendant without legal excuse failed to perform his part of the obligation, utterly refusing to pay for or accept the property. The action is special, reciting that, although the plaintiff has performed his promise, the defendant refuses to perform his, the plaintiff claiming to recover for the breach the full contract price of the article sold.

The general rule is familiar, that for the vendee's failure to receive and pay for the goods he has contracted for, the vendor may recover the difference between the market value at the time and place stipulated for delivery and the contract price, together with the expenses of reselling the property. The general rule is not questioned, but the plaintiff contends that a special and more equitable rule governs when a vendor has manufactured the article after a particular pattern upon the order of the vendee, who refuses without excuse to accept the same. The plaintiff says, I have done all I bargained to do and now the defendant should be compelled to do what he bargained to do, namely, to pay the contract price.

We feel that there is force in the plaintiff's position, supported as it is by considerable authority, but we are inclined to believe that there should be but one rule of damages in cases where a vendee refuses to accept goods which he has agreed to purchase, whether the article to be delivered to the vendee is already in existence or is to be manufactured on his account. Wherein does the general rule fail to furnish an efficacious remedy? The vendor was to receive in this case money and notes. While the law fully recognizes the obligation of the vendee, and cannot require specific performance, it undertakes to make full reparation by allowing recovery for all the damages sustained. What difference, practically, can there be between a seller receiving the consideration wholly from the vendee or partly from him and the balance from some one else? The law in its own way obtains for the vendor an equivalent for a full execution of the contract.

There are courts which have held that, in all cases where a vendee refuses to accept the goods contracted for by him, the vendor may recover the contract price as damages. There is a

stronger leaning among judges towards the distinction, set up in the present case, in favor of applying such a principle only when the contract calls for an article to be manufactured especially for the vendee. The ground upon which this doctrine is defended by its advocates is that the peculiarly manufactured article is of little value to any one besides the vendee, if of any marketable value whatever. The answer to this position is, of course, that the less the goods are worth to sell in the market the more the plaintiff recovers, and if they are worth nothing at all, then he recovers the full contract price. But such a result is just as logically attainable under the application of the general as by any special rule. The great ground of objection to the rule invoked by the plaintiff is that where there has been no acceptance of the property, the title still remains in the vendor, liable to be taken for his debts, or pass to his assignee in bankruptcy, or be sold by him to another purchaser. A tender does not in our law transfer the title to the vendee. The facts show that the plaintiff was to retain title to the fountain until the price should be paid. But the defendant refused to make the partial cash payment called for by the terms of sale, or to accept any possession or control of the property, so that even an equitable title to the property did not pass to him.

The rule invoked here has not been much noticed in the English law, but finds its principal support in this country, and, still, even here it will be found, we think, to be in contradiction of most of the authorities. The first case in this country sustaining this special rule, was *Bement* v. *Smith*, 15 Wend. 493. In *Dustan* v. *McAndrew*, 44 N. Y. 72, although the case called for no such classification, the opinion formulates the law on th. point in question in the following manner: (1) The vendor may store or retain the property for the vendee and sue him for the entire purchase price; (2) or he may sell the property, acting as agent of the vendee, and recover the difference between the contract price and the price obtained on such resale; (3) or he may keep the property as his own and recover the difference between market price and the contract price. This formulary seems to have crept into several text-

books, receiving more or less approbation from the authors. The special rule was approved in Massachusetts, as limited to cases where the article to be sold was stock in a corporation, the vendor having tendered the certificate made out in the name of the vendee. *Thompson* v. *Alger*, 12 Met. 428. The court there said in response to a suggestion that the general rule should apply : "Such would be the general rule as to contracts for the sale of personal property, and such rule would do entire justice to the vendor. He would retain the property as fully in his own hands as before and a payment of the difference between the market price and that stipulated would fully indemnify him." The most exhaustive case cited in plaintiff's behalf is *Shawhan* v. *Van Nest*, 25 Ohio, 490, reported also with a lengthy editorial note in 15 Am. Law Reg. N. S. 153. The opinion relies for support largely on the case of *Bement* v. *Smith, ante,* and *Ballentine* v. *Robinson*, 46 Penn. St. 177. The author of the note referred to, after quoting from *Laubach* v. *Laubach*, 73 Penn. St. 392, as holding a doctrine at variance with the preceding Pennsylvania case, closes his observations with the following : "It must be admitted that *Ballentine* v. *Robinson*, and *Bement* v. *Smith*, and the principal case, can only be reconciled with what appears to be the general line of the authorities, by saying that in them, tender by the vendor, or conduct amounting to an acceptance upon the part of the vendee, was considered to have passed the property in the goods to the latter. In the contract upon which the principal case was brought, the plaintiff's shop was fixed as the place of delivery, and it might be argued that the completion of the carriage, at the time and place appointed, amounted to delivery. But the unqualified position laid down in the rule that when the vendee refuses to receive the goods upon tender, the vendor may store or retain them and sue for the contract price, though adopted by Sedgwick and Parsons, does not seem borne out by the authorities." Since this note was written the editors of the seventh edition of Sedgwick on Damages say in note, Vol. 1, 596 : "We do not think the distinction taken in *Shawhan* v. *Van Nest*, can be supported." It is also said in note on same

page : "This, (the doctrine of the text,) now is held to be the proper rule only where the title has passed." See numerous cases cited in note, Benj. Sales, (7th Ed.) § 758.

A formidable barrier against the plaintiff's recovery upon the theory of damages claimed by him is that the question has been virtually decided in this State against such theory. In *Atwood* v. *Lucas*, 53 Maine, 508, it was held that an action of assumpsit for goods sold and delivered cannot be sustained where the goods have not been accepted by the vendee. In *Moody* v. *Brown*, 34 Maine, 107, it was held that such an action would not lie although the articles claimed to be sold were manufactured after a peculiar pattern for the special use of the vendee, who refused to accept them when tendered to him. In the latter case, the action did not, as the present action does, allege a claim against the defendant for damages for not accepting and paying for the goods, but went upon the theory of goods sold and title passed. But no question of pleading was discussed in the case, and the opinion, taking no objection to the declaration, determines that upon the facts in proof no more damages were recoverable than the difference between contract price and market value. The case was decided on the legitimate effect of the facts, and not upon the form of the action. The court dissents from the doctrine of the case of *Bement* v. *Smith*, 15 Wend. 493, before cited, as wrong in principle and contradictory "to the result of the best considered cases."

But then we are confronted with the case of *Oatman* v. *Walker*, 33 Maine, 67, where the plaintiff was allowed to recover against the defendants the contract price of land which they had agreed to purchase of the plaintiff, afterwards repudiating their contract. The facts do not appear to be fully reported, but it looks like a case where the defendants were to repurchase a parcel of land they had conveyed to the plaintiff, thereby rescinding a former contract. Such a case may be an exception to the general rule. *Laubach* v. *Laubach*, 73 Penn. St. 367, before cited. The opinion in a few words merely follows the case of *Alna* v. *Plummer*, 4 Maine, 258, where the

same rule was adopted without argument or explanation and barely with words from either counsel or court. In both cases the decision was an assumption merely. The case of *Old Colony R. R. Co.* v. *Evans*, 6 Gray, 25, strongly antagonizes those cases, the opinion in the case citing a long list of authorities in support of a contrary doctrine.

*Exceptions sustained.*

WALTON, VIRGIN, LIBBEY, HASKELL and WHITEHOUSE, JJ., concurred.