458        Amer. Hide, &c. Co. *v.* Chalkley.        [101

Syllabus.

## Wytheville.

### American Hide & Leather Co. v. Chalkley & Co.

June 11, 1903.

1. PLEADING—*Immaterial Discrepancies—Demurrer—Amendment.*—In an action to recover damages for refusal to receive and pay for hides contracted for, a declaration which alleges the sale of 3,000 hides, and tender of 4,000 hides is·not bad on demurrer. The discrepancy could not have affected the merits of the cause, as the defendant was under no obligation to receive the additional number. The declaration might have been amended at the bar.

2. PLEADING—*Contract for Sale of Goods—Refusal to Accept—Resale—Notice—Averment in Declaration.*—In· an action to recover damages for breach of contract to receive and pay for goods where title and possession are in the seller, it is not necessary to allege in the declaration notice to the defendant of the plaintiff's election to resell at defendant's risk. Under the practice in this State, the question of such notice is one of evidence rather than of pleading.

3. PLEADING—*Bill of Particulars—When Filed—Object—Defects.*—The object of a bill of particulars is to advise a defendant of the precise nature and extent of the demand asserted against him. According to the usual and better practice it should be demanded before pleading to the merits, but if not demanded until a later period, and then a bill is filed which, standing alone, would be insufficient, it will be deemed sufficient if, taken in connection with the other documentary evidence in the cause, it supplies all needful information to the defendant.

4. INSTRUCTIONS—*Objection—Evidence to Support.*—Where, in an action to recover damages for failure to accept and pay for goods, the defendant testifies that no question was raised about the condition of the goods, he cannot object to an instruction which excludes from the consideration of the jury the condition of the goods when shipped.

5. SALES—*Refusal to Accept—Remedy—Measure of Damages—Notice.*— Where the contract for the sale of personalty is executory, and the title and possession still remain in the seller, his remedy against a buyer who unlawfully refuses to accept and pay for the goods, is an action of assumpsit on a special count to recover damages for the breach of contract, and the measure of his damages is the difference between the contract price of the goods and the net price which they produce at a resale, fairly made, after deducting all expenses incurred in taking care of the goods and selling them. The seller should give to the buyer notice that he intends to sell and hold him liable for the loss, if any. The seller cannot sue for the contract price of the goods.

6. SALES—*Goods Not Specified—When Title Passes.*—The property in goods not specified does not pass until an appropriation of the specific goods has been made with the assent of both seller and buyer.

7. SALES—*Goods Not Specified—Attempt to Defraud Buyer.*—If the seller of non-specified goods attempts to perpetrate a fraud on the buyer by shipping goods of a different character from those ordered, he cannot recover damages of the buyer for his refusal to accept and pay for the goods.

8. INSTRUCTIONS—*Refusal—Sufficiently Instructed.*—It is not error to refuse to give an instruction when substantially the same ground is covered by other instructions which have already been given.

Error to two judgments of the Circuit Court of the city of Richmond, rendered February 15, 1902, in two actions of assumpsit, wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Affirmed.*

The opinion states the case.

*Christian & Christian*, for the plaintiff in error.

*Allen G. Collins*, for the defendant in error.

WHITTLE, J., delivered the opinion of the court.

The defendant in error, Chalkley & Co., instituted two actions of assumpsit in the Circuit Court of the city of Richmond against the plaintiff in error, the American Hide & Leather Company, to recover in one case $1,349.13, the differ-

ence between the contract price of a lot of hides sold by defendant in error to plaintiff in error, which the latter declined to receive, and the price realized therefrom on subsequent sales; and in the other to recover $2,000—$1,737.86, part thereof, the difference between the contract price for another lot of hides to be shipped to Bayard, W. Va., rejected by plaintiff in error, and the price realized therefor at subsequent sales, and $262.14, the residue thereof, being expenses paid in handling the hides and for freight.

The actions were tried together, and resulted in a verdict for the plaintiff in each case for the full amount of his demand. Judgments upon those verdicts are here for review.

The first assignment of error is to the action of the trial court in overruling demurrers to the declarations.

The first point applies only to the declaration in one case, the ground of objection being that the declaration alleges a sale of 3,000 hides, and a tender of 4,000 hides.

There was no obligation on the defendant to receive the additional hides, and the discrepancy could in no wise have affected the merits of the cause. It was the subject of amendment at bar, and does not constitute reversible error.

The second ground of demurrer is that both declarations fail to allege notice to the defendant of plaintiff's election to resell the hides at its risk.

Of that objection it is sufficient to remark that under the practice in this State the question of such notice is a matter of evidence rather than of pleading. The declarations seem to have followed literally the established forms in actions to recover damages for a breach of contract to accept and pay for goods bought, where the title and possession remain in the seller. There was, therefore, no error in overruling the demurrers to the declarations. 2 Chit. Pl. (12th Am. Ed.) 264; 4 Min. Inst. (pt 2) 1404; 1 Bar. L. Pr 342.

The next assignment of error is the ruling of the trial court

Va.]      Amer. Hide, &c. Co. v. Chalkley.      461

Opinion.

in sustaining the sufficiency of the bills of particulars tendered by the plaintiff.

It appears that the fact that a bill of particulars would be required in each case was made known before the jury was sworn, although no formal demand for them was made until a later period in the trial.

It further appears that a letter under date of November 26, 1900, from plaintiff in error to defendant in error, a copy of which was produced in evidence by the former, contains a detailed statement of the hides agreed to be purchased, and their price; and that Marion Chalkley, the plaintiff, in his testimony, stated to whom the hides were resold, and, at the instance of counsel for the defendant, rendered an itemized account of the expenses incurred in handling the hides, and the amount of freight paid thereon. Subsequently bills of particulars were filed, as follows:

(1) To loss or difference between the price you contracted to pay for a lot of hides sold to you to be shipped to Bayard, W. Va., and rejected by you, and the amount realized therefrom by subsequent sales...................... $1,737 86

Expenses of handling freight, etc............... 262 14

                                            $2,000 00

(2) To loss or difference between price you contracted to pay for a lot of hides sold you, and rejected by you, or which you declined to receive, and the amount realized therefrom by subsequent sales................$1,349 13

The object of a bill of particulars is to advise a defendant of the precise nature and extent of the demand asserted against him. If it be conceded that the foregoing bill of particulars, standing alone, does not measure up to that requirement, it

nevertheless appears that the defendant could not have been prejudiced thereby, since the letter and itemized account re-ferred to, taken in connection with the defective bill of particulars, supplied all needful information in respect to the claims asserted by the plaintiff.

The usual and better practice is to demand a bill of particulars before pleading to the merits. Danger of taking the plaintiff by surprise is thereby obviated, and better opportunity is afforded the defendant to conform his pleadings to meet the specific demand intended to be asserted against him. *Lovelock* v. *Cheveley,* 3 Eng. Com. Law Rep. 185; *Randall* v. *Glenn,* 2 Gill 430; *Long* v. *Kinard,* Harp. 47.

Plaintiff in error also excepted to the two instructions given at the instance of the plaintiff, and to the modification of its instructions, Nos. 1 and 2.

Plaintiff's instructions read:

"(1) The court instructs the jury that if they believe from the evidence that the plaintiff sold the defendant southern hides, and the plaintiff shipped to the defendant southern hides, but that the defendant refused to receive the hides shipped them, they may find for the plaintiff, and assess his damages."

"(2) The court instructs the jury that if they shall believe from the evidence that the plaintiff is entitled to recover in either action, if the plaintiff used reasonable diligence in promptly disposing of the hides, so as to realize their actual value at the time of the defendant's breach of his contract, then the measure of damages is the difference between the prices at which the hides were sold to the defendant and the price at which the hides were afterwards sold by the plaintiff, together with the expenses and freight."

The objection urged to instruction 1 is that it "practically told the jury that the defendant had and could make no defence to the action, if the plaintiff shipped him the kind of hides he purchased, no matter in what condition they were shipped,

and no matter if the plaintiff did try to defraud it by drawing for more than he was entitled to draw for."

It appears from the testimony of Aaron Hecht, vice-president of the defendant company—the officer with whom the contract for sale of the hides was made—that no question was raised about the condition of the hides, but that he rejected them because "the average weight was entirely unreasonable."

This testimony, therefore, disposes of the objection to instruction 1, and, as will be seen presently, the other points of objection are fully met and covered by instructions given on behalf of the defendant.

Instruction 2 correctly propounds the law in respect to the measure of damages in this class of cases.

The doctrine is that where a contract of sale is executory, and the title and possession still remain in the seller, his remedy against the buyer, who wrongfully refuses to accept and pay for the goods, is an action of assumpsit on a special count to recover damages for the breach of contract.

It is said that the seller cannot maintain an action for the agreed price, as he could do if the title had passed, but must sue for indemnity for the loss of his bargain; the quantum of damages which he has sustained, and the measure of his recovery, being the difference between the contract price of the goods and the net price which they produce at a resale, fairly made, after deducting all expenses incurred by the seller in taking care of the goods and selling them.

In such case the seller should give the buyer notice that he intends to sell, and hold him responsible for the loss. This notice, it will be observed, is not a notice of resale, but a notice that the seller will assert his right of resale, and bind the buyer by the price obtained. See, in this connection, 2 Benj. on Sales (4th Am. Ed.), sec. 1117; Hare on Contracts, 446; 2 Schoul. Pers. Prop., sec. 513; *Sands* v. *Taylor*, 5 Johns. 395, 4 Am. Dec. 374; *Patten's Appeal*, 45 Pa. 151, 84 Am. Dec. 479;

*Atwood* v. *Lucas,* 53 Me. 508, 89 Am. Dec. 713; Benjamin's Prin. of Sales, rule 53, p. 195, and cases cited; *Rosenbaum* v. *Weeden,* 18 Gratt. 785; also notes to that case, 98 Am. Dec. 737, and in Virginia Reports Annotated (18 Gratt. 787); *Alleghany Iron Co.* v. *Teaford,* 96 Va. 372, 31 S. E. 525.

In the cases in judgment, the property in the goods had not passed. The contracts were for the sale of non-specific hides, being agreements merely to sell hides of a particular description. But the specific hides upon which the contracts were to operate had not been agreed upon, and the rule in such case is that the property in the goods does not pass until an appropriation of the specific goods has been made, with the assent of both seller and buyer. Benjamin's Prin. of Sales, rule 23, p. 81.

In the cases at bar the plaintiff notified the defendant that he would sell the hides at its risk, unless received.

The instruction given by the court in lieu of instructions 1 and 2 asked for by the defendant told the jury "that if they believe from the evidence that the plaintiff agreed to sell to the defendant a general run of 'southern hides,' ranging from 25 to 60 pounds; that the average weight of such hides was from 35 to 42 pounds, and that the plaintiff drew his drafts on defendant on invoices for hides averaging nearly 49 pounds— some as high as and over 55 pounds—then the court instructs the jury that the defendant was justified in entertaining the suspicion either that the plaintiff had shipped hides which defendant had not agreed to purchase, or that he was attempting to defraud it by drawing for a greater amount than he was entitled to draw for, and in either case the defendant was justified in refusing to honor the drafts for the hides thus drawn for.

"And if the jury believe from the evidence that the plaintiff was attempting to perpetrate a fraud in the shipment, then the court instructs the jury that the plaintiff cannot recover in either of these actions, and they must find for the defendant."

This instruction plainly presented to the jury the points involved, and substantially covers the ground of the instructions in lieu of which it was given. It will be likewise observed that the instruction supplies the deficiencies in instruction No. 1 given for the plaintiff, pointed out by the defendant in his objection to that instruction. It is not error to refuse to give an instruction, when substantially the same ground is covered by another instruction which is given. *Alleghany Iron Co.* v. *Teaford, supra.*

The instructions, considered as a whole, fairly submitted the law of the case to the jury.

The remaining assignment of error is to the action of the court in overruling the motion of the defendant to set aside the verdict of the jury as contrary to the law and the evidence.

Without entering upon a review of the testimony, it is sufficient to say in respect to that branch of the motion that, under the principles applicable to a demurrer to evidence, this court would not be warranted in disturbing the verdicts of the jury, approved, as they have been, by the judge who presided at the trial.

It follows from these views that the judgments complained of are without reversible error, and they must be affirmed.

*Affirmed.*