In re NATIONAL BOAT & ENGINE CO.

In re FISHER.

(District Court, D. Maine. August 20, 1912.)

No. 271.

BANKRUPTCY (§ 140*)—PASSING OF TITLE—ARTICLES TO BE MANUFACTURED.

Claimant made a contract by which bankrupt's predecessor in business was to build for him two motor boats of specified construction and at stated prices. At the time of the bankruptcy, although the date for completion of the boats had long passed, they were not completed, and claimant had refused to accept them, but had made advances thereon, and had agreed that they might be sold by the builder to pay such advances. *Held*, that the title had not passed, and he could not reclaim them from the trustee.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199. 219, 221, 225; Dec. Dig. § 140.*

Contract for sale of things to be produced or manufactured, see note to Star Brewery Co. v. Horst, 58 C. C. A. 363.]

In the matter of the National Boat & Engine Company, bankrupt. On petition by Carl G. Fisher to reclaim property. Findings of referee against petitioner affirmed.

Williamson, Burleigh & McLean, of Augusta, Me., for petitioner.

Woodman & Whitehouse, of Portland, Me., for trustee in bankruptcy.

HALE, District Judge. The claim of Carl G. Fisher, of Indianapolis, Ind., comes before me upon the report of Mr. Little, referee in bankruptcy. It is for two motor boats, now in the possession of the trustee, as a part of the assets of the bankrupt company. The boats were manufactured for Fisher by the Truscott Boat Manufacturing Company, before the sale of its assets to the bankrupt com-

pany. The petitioner bases his claim on two contracts entered into between him and the Truscott Company. The first contract is dated December 3, 1909. By it the Truscott Company agreed to construct a 75-foot motor boat for $16,000, the boat to be ready May 30, 1910; the company to forfeit $1,000 a week as liquidated damages for each week beyond said date. The second contract is dated February 8, 1910. By it the Truscott Company agreed to build for the petitioner a 45-foot motor boat for $6,500. The petitioner says that the Truscott Company failed to build either of the boats according to specifications, and failed to have either boat ready for delivery on the date agreed upon. He gave the company until July 6, 1910, to complete the hull of the 75-foot boat. He then notified the company that he refused to accept the same if not completed on that date. It was not completed on that date. On July 12, 1910, he notified the Truscott Company that he refused to wait longer, and demanded the money paid by him. He claims that he should have credit for $13,270.67, paid on the contract for the 75-foot boat.

He says that the 45-foot boat was not built in a workmanlike manner; that it leaked badly and was unsatisfactory in many other ways; that he notified the Truscott Company that he would wait until July 12, 1912, for them to remedy the defects; that thereupon he notified them of his refusal to accept the boat because of the inferior workmanship. He says he has paid $4,500 on account of the 45-foot boat, and he demands the return of this money. He further claims that by contract thereafter between his attorneys and the Truscott Company it was agreed that the boat thereafter should become his property; that title thereby passed to him pursuant to this agreement; but that he gave the Truscott Boat Manufacturing Company until August 1, 1911, and extended said time to September 1, 1911, within which time the Truscott Company were to have the exclusive right to sell the boat, and, out of the proceeds, to pay him $9,500; that any sums received by the Truscott Company in excess of this amount should belong to the company. The petitioner prays for an order directing the trustee to deliver to the petitioner the two boats in question. The referee denied the prayer of the petition, and ordered that the boats be not delivered to the petitioner as prayed for, but that they be transmitted to the assets of the bankrupt.

Had the title to the two boats passed to Fisher prior to the bankruptcy?

The petition shows that the boats were not built properly, and that Fisher refused them, and demanded his money back. The testimony of Fisher is to the effect that the boats were never completed, and that he refused to accept them, or to pay any more for them, and that he demanded the return of the money he had paid. He says that he never was notified in accordance with the requirements of the contract that either boat was ready for delivery, and that there never was any written communication by him accepting the boats. On examination of the correspondence, there appears to be no letter of Fisher tending to show acceptance of the boats. The letters show, on the contrary, that he expected the boats to be completed before they were

delivered to him. The whole testimony with reference to intention tends to show that there was no agreement to transfer the title to either of the boats; but that there was an oral agreement providing for the exclusive right to sell the boats. It seems to have been understood that the Truscott Company should have the selling of the two boats, but there does not appear to have been any agreement that the title to the boats was to pass to Fisher. The result of whatever agreement was entered into appears to me to have been that the company could not complete the boats, and Fisher could not obtain damages from the company by reason of its financial condition. As Fisher had an interest in the boats by reason of his advancing money, and as the company had an interest in the boats by reason of its labor in excess of the advances, it was finally agreed, as a solution of the matter, that the boats were to be sold for cash by the company, and to satisfy the claims of each party out of the proceeds. There is nothing in the correspondence of the parties, or in their conduct, to convince me that either party regarded the title to the boats as having been transferred to Fisher.

There having been no agreement that the title should pass, it is clear that it could not pass by operation of law. In Tufts v. Grewer, 83 Me. 407, 22 Atl. 382, it was claimed by the defendant that the manufacture of an article of a particular description, pursuant to a special order of the customer, transferred the title. The court held that this was not the law; but that there could be no transfer of title unless there was an acceptance on the part of the vendee. Atwood v. Lucas, 53 Me. 508, 89 Am. Dec. 713; Moody v. Brown, 34 Me. 107, 56 Am. Dec. 640; Goddard v. Binney, 115 Mass. 450, 15 Am. Rep. 112; Bennett v. Platt, 9 Pick. (Mass.) 560. Tufts v. Grewer, supra, is the leading authority among recent cases on this subject. In speaking for the court, Chief Justice Peters cited the old authorities, and traced the history of the law upon this subject. He referred to Atwood v. Lucas, supra, as the leading authority in Maine, where, in speaking for the court, Mr. Justice Walton said:

"It is laid down by Mr. Saunders that, to support an action for goods sold and delivered, the plaintiff must prove, not only such a delivery as will vest the property in the goods in the defendant, but such a delivery as will divest himself of all lien upon the goods, and enable the defendant to maintain trover for them without paying or offering to pay for them. Saund. on Pl. & Ev. 536."

In the case at bar the testimony shows that the boats had not been finished according to order. The Truscott Company had never given notice that the boats were finished. It had never presented any bill, nor made any agreement that it would keep the boats after they were finished; nor had there been any act that can be taken as an equivalent to an acceptance. The claimant of the boats steadily refused to accept them as being completed in accordance with the contract, but asserted at all times that the boats never fulfilled the requirements of the contract. It is clear that, under the doctrine of the Maine court, Fisher had not been vested with the title, and the Truscott Company had not been divested of it; certainly it had not lost its lien.

· After an examination of the whole case, I am led to the conclusion that the title to the boats did not pass to Fisher prior to the bankruptcy. The finding of the referee is affirmed. It is ordered that the boats in question be not delivered to the petitioner, but that they be turned over to the trustee as a part of the assets of the bankrupt. The trustee recovers costs.