## 8907. TUGGLE v. GREEN & SONS.

Before suit against the purchaser for the, entire purchase-price of goods shipped by common carrier as in this case can be maintained by the seller, title must be relinquished by the seller and must pass to the purchaser. The seller can not retain the goods and also recover the full price.

DECIDED JANUARY 30, 1918.

Complaint; from DeKalb superior court—Judge Smith. April 12, 1917.

*L. J. Steele, C. M. Moon, Scott Candler,* for plaintiff in error.
*Little, Powell, Smith & Goldstein, Moise & Riddell,* contra.

BLOODWORTH, J. A written contract for the sale of a soda fountain and accessories was made between Green & Sons and H. C. Tuggle, doing business as H. C. Tuggle Drug Company, the goods were shipped in accordance with the contract, and on arrival at destination were declined by the purchaser, and the sellers brought suit under § 4131 of the Civil Code (1910) for the entire purchase-price thereof. The petition in part alleged: "4. That your petitioners according to the terms of said contract thereupon stored said soda fountain for the use of H. C. Tuggle, notified him thereof, and elected to sue for the entire price, $650.00, less the payment of $32.50 made with the order. 5. That your petitioner paid out for freight on said soda fountain and accessories from Philadelphia to Stone Mountain, and storage at Stone Mountain, $43.89, and for freight from Stone Mountain to Atlanta and drayage at Atlanta $8.11. Also they paid out $2.00 for storage of said fountain for the first month, beginning January 5th, 1916, and will have to pay out $2.00 for each additional month of storage." Under these allegations, which were denied by the plea, it is a condition precedent to any recovery that the proof show that the goods were stored for the vendee. *Oklahoma Vinegar Co.* v. *Carter,* 116 *Ga.* 140 (2), 146 (42 S. E. 378, 59 L. R. A. 122, 94 Am. St. R. 112); *Rounsaville* v. *Leonard Mfg. Co.,* 127 *Ga.* 735 (4), 740, 741 (56 S. E. 1030); *Georgia Agricultural Works* v. *Price,* 11 *Ga. App.* 80 (1), 82 (74 S. E. 718); *Southern Flour &c. Co.* v. *St. Louis Grain Co.,* 11 *Ga. App.* 403 (75 S. E. 439). And to recover for freight, storage, and drayage, the proof must show that these specific items of expense were incurred.

Before suit can legally be brought for the entire purchase-price of goods shipped by common carrier as in this case, the seller must

relinquish title thereto and title must pass to the purchaser. The seller can not retain the goods and also recover the full purchase-price thereof. The contract of purchase in the instant case shows by the following clauses that title was reserved in the seller: "It being understood and agreed that the title to and ownership of said goods, and the right of possession, shall remain in you [the sellers] until payment of the price in full and the receipt by you at your office in Philadelphia of the full amount of the purchase money." The sellers realized that, having retained title, before they could bring suit for the full purchase-price they must at least store the goods for the purchaser, as they incorporated in the contract of sale the following: "Should I/we by our neglect or refusal to pay and/or settle as agreed above, thereby wrongfully refuse to perform the condition upon which time is granted, it is agreed that [if] the consideration for the grant of time fails, that the full amount of the purchase price shall at once be due and payable, and that in addition to any other remedies you may have at law, you may store and retain the property for me/us, at my/our risk, retaking possession, if already delivered, and proceed, at your option, to recover the entire price, any law, usage, or custom to the contrary notwithstanding."

When the goods in this case were shipped, the bill of lading, with a draft for the purchase-price attached, was sent to a bank at Stone Mountain, with instructions to the bank to have a certain conditional-sale contract, which was sent to the bank with the draft, "properly signed, witnessed, and acknowledged, and lodged for record at least one day before delivery of B/L." All of this indicated the unequivocal intention of the sellers to retain title to the goods until payment of the draft. *Georgia, Fla. & Ala. Ry. Co. v. Blish Milling Co.*, 15 *Ga. App.* 142 (2), 147 (82 S. E. 784); *Cartersville Grocery Co. v. Rowland,* 17 *Ga. App.* 42 (86 S. E. 402); *Ware v. Chason,* 14 *Ga. App.* 47 (80 S. E. 21); *Southern Railway Co. v. Strozier,* 10 *Ga. App.* 159 (73 S. E. 42); *Delgado Mills v. Georgia R. &c. Co.,* 144 *Ga.* 175 (2) (86 S. E. 550); Civil Code (1910), § 4134. "It is well settled that when the seller of personal property takes from the carrier a bill of lading therefor to his own order, and attaches it to a draft drawn on the buyer, this is a declaration on the part of the seller that he does not part with the title to the goods shipped, but retains the title until the draft which is sent with the bill of lading is accepted

and paid; and when the title is thus reserved, the carrier is usually the agent of the seller, and not of the buyer, and the risk is the seller's, and not the buyer's. *Erwin* v. *Harris,* 87 *Ga.* 333 (13 S. E. 513), and authorities cited in the body of the opinion." *Moss* v. *Sell,* 8 *Ga. App.* 591 (70 S. E. 18). "Where parties enter into a written contract for the purchase and sale of a chattel, before the seller can maintain an action for its agreed price there must be such delivery, actual or constructive, as will pass the title and vest the ownership of the property in the purchaser. *Oklahoma Vinegar Co.* v. *Carter,* 116 *Ga.* 140 (42 S. E. 378, 59 L. R. A. 122, 94 Am. St. R. 112). Where the contract is that the defendant is to make a partial cash payment and give notes for the balance, the seller retaining the title until the full purchase-money is paid, a tender on terms of the buyer's compliance with the contract will not have the effect of transferring the title to the buyer. If the buyer refuses to make the partial cash payment and give notes as called for by the terms of the sale, or to accept any possession or control of the property, no title passes to him, and the seller's remedy is not for the purchase-price of the chattel, but for the breach of the contract. *Dilman* v. *Patterson Produce &c. Co.,* 2 *Ga. App.* 213 (58 S. E. 365); Tufts *v.* Grewer, 83 Me. 407, 412 (22 Atl. 382)." *Bridges* v. *McFarland,* 143 *Ga.* 583 (85 S. E. 856).

The agreed statement of facts not showing that title to the property had passed to the purchaser, or that the goods had been stored for his use, the sellers could not recover the full purchase-price, and, there being no evidence as to the amount of freight, storage, and drayage paid, the plaintiffs failed to prove their case as laid, the court erred in directing a verdict, and the judgment must be

　　　　*Reversed. Broyles, P. J., and Harwell, J., concur.*