21620.  SCREVEN OIL MILL *v.* MENTE & COMPANY INCORPORATED.

DECIDED SEPTEMBER 4, 1931.

*John C. Hollingsworth,* for plaintiff in error.
*J. S. Powell, Adams, Adams & Douglas,* contra.

BROYLES, C. J.   This was a suit by the seller of certain goods to recover the purchase-price thereof from the buyer, because of a breach of the contract by the buyer.   The parties entered into a written contract by which the plaintiff agreed to sell to the defendant and the defendant agreed to buy from the plaintiff "10,000 new 8 oz. 80 x 80 Burlap cotton-picking sheets at $333.33 per thousand, f. o. b. Savannah, printed one color, red, freight allowed." The defendant ordered out 5000 of the sheets and accepted and paid for them, but refused to give shipping orders for the remaining 5000 sheets, thereby breaching the contract.   Thereupon, as shown by the petition, the plaintiff retained the 5000 sheets and stored them for the use of the defendant.   The original answer of the defendant and the amendment thereto, properly construed together, contained an admission that the goods were so retained and stored, and, therefore, it was not incumbent on the plaintiff to prove such allegation upon the trial.   The petition as amended shows that the sheets stored for the benefit of the defendant were completely manufactured by the plaintiff with the exception that they were not printed, and that the plaintiff did not know what the defendant wanted printed on them.   The suit was for the purchase-price of the sheets, less the cost of the printing.   When the defendant breached the contract by refusing to give shipping instructions for the remaining 5000 sheets, as required by the contract, it was not incumbent on the plaintiff to increase its damages by incurring the additional expense of printing the sheets.   On the contrary, it was proper for it to do all that it could to lessen the damages.   The contract being an entire one, the defendant's refusal to give the shipping instructions was a breach of the whole contract, and the plaintiff was within its rights in retaining and storing the sheets unprinted for the use of the defendant.   See, in this connection, Neely v. Willard Bag Co., 23 Ga. App. 598 (99 S. E. 167).

There is no merit in the contention of the defendant that there was no identification of the sheets sold.   In the petition they are described as "10,000 new 8 oz. 80 x 80 Burlap cotton-picking sheets @ $333.33, printed one color, red," and it is alleged that 5000 of these same sheets were retained and stored for the use of the defendant.   The defendant had no further selection, as the number, weight, size of the sheets, and the color of the printing were all specified.   The mere fact that the sheets were not printed

is not material on the matter of identification. The cases cited in the brief of counsel for the plaintiff in error on this question are distinguished by their particular facts from this case.

3. Under the above-stated rulings the court did not err in overruling the defendant's motion to dismiss the original petition (there being enough in the petition to support an amendment), or in overruling the motion to strike the amendment to the petition and the petition as amended, or in sustaining the general demurrers to the defendant's original answer and the amendment thereto, except as to the question of attorney's fees. That question was properly submitted to the jury. The verdict and judgment in favor of the plaintiff were not error for any reason assigned.

*Judgment affirmed. Luke, J., concurs. Bloodworth, J., absent on account of illness.*