## PULLEN *v.* GENERAL AMERICAN CREDITS INC.

No. 12314.   September 16, 1938.

*J. Mallory Hunt,* for plaintiff in error.

*Smith, Smith & Bloodworth,* contra.

BELL, Justice. "A general demurrer goes to the whole pleading to which it is addressed, and should be overruled if any part thereof is good in substance. The bad part in pleading does not make the whole bad; the good part makes the whole good enough to withstand a general demurrer." *Blaylock* v. *Hackel,* 164 *Ga.* 257 (5) (138 S. E. 333). "Moreover, since the procedure act of 1887 a suit brought in a superior court is not subject to dismissal upon the ground that the plaintiff has a complete and adequate remedy at law, if it states a cause of action either for legal or equitable relief. *DeLacy* v. *Hurst,* 83 *Ga.* 223 (5) (9 S. E. 1052); *Gillis* v. *Hilton & Dodge Lumber Co.,* 113 *Ga.* 622 (2) (38 S. E. 940); *Booth* v. *Mohr,* 122 *Ga.* 333 (50 S. E. 173)." *Sullivan* v. *Ginsberg,* 180 *Ga.* 840 (2), 847 (181 S. E. 163). "Under a general prayer in an equity case, the plaintiff may have such relief as is consistent with and entirely within the scope of the pleadings." *Broderick* v. *Reid,* 164 *Ga.* 474 (2) (139 S. E. 18). Equity may intervene to avoid a multiplicity of suits. Code, §§ 37-1501 (2), 55-104; *Burns* v. *Hale,* 162 *Ga.* 336 (3) (133 S. E. 857). Upon application of the foregoing principles, the petition here under consideration stated a cause of action for injunction to restrain further prosecution of the action in the municipal court on two of the notes executed by the plaintiff, in order that the question of the plaintiff's liability on these notes and on two other notes not in suit, but executed under the same circumstances and subject to the same defense, namely want of consideration, might be determined at one and the same time in the equitable action, and a multiplicity of suits avoided. *House* v. *Oliver,* 123 *Ga.* 784, 787 (51 S. E. 722); *Babb* v. *McKinnon,* 185 *Ga.* 663 (196 S. E. 488).

The petition also stated a cause of action for recovery of the balance of $900 principal besides interest on the note for $1500, made and delivered by the defendant to the plaintiff on December 16, 1936, for the remainder of the purchase-money "for stock to be issued." As to this phase of the case the petition, as against a general demurrer, may be construed as an action upon the note,

648

regardless of any right of specific performance. *Citizens & Southern Bank* v. *Union Warehouse &c. Co.*, 157 *Ga.* 434 (7-b) (122 S. E. 327); *Speir* v. *Westmoreland*, 40 *Ga. App.* 302 (3) (149 S. E. 422). Accordingly, no decision is now made as to whether the petition states a cause of action for specific performance. With further reference to the right of the plaintiff to recover the balance of the purchase-money under the allegations made, see Code, § 96-113; *Oklahoma Vinegar Co.* v. *Carter*, 116 *Ga.* 140 (2) (42 S. E. 378, 59 L. R. A. 122, 94 Am St. R. 112); *Tuggle* v. *Green*, 150 *Ga.* 361 (104 S. E. 85); *Turner* v. *Hillyer*, 28 *Ga. App.* 736 (113 S. E. 111); *DeLaPerriere* v. *Herrman*, 41 *Ga. App.* 60 (4) (151 S. E. 813); *Screven Oil Mill* v. *Mente*, 43 *Ga. App.* 780 (160 S. E. 104); *Electric Paint &c. Co.* v. *Lunsford*, 46 *Ga. App.* 536 (168 S. E. 90), s. c. 49 *Ga. App.* 840 (176 S. E. 816); *Marshall* v. *Moultrie Cotton Mills*, 52 *Ga. App.* 515 (2) (184 S. E. 350). The court did not err in overruling the general demurrer to the petition.

*Judgment affirmed. All the Justices concur.*